**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lakisha L.,<br>Plaintiff(s),<br>v.<br>Frank Bisignano,<br>Defendant(s). | Case No. 2:26-cv-00889-NJK<br>**ORDER**<br>[Docket No. 11] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Pending before the Court is Plaintiff's opening brief seeking remand. Docket No. 11. The Commissioner filed a responsive brief in opposition. Docket No. 13. Plaintiff did not file a reply. The parties consent to resolution of this matter by the undersigned magistrate judge. *See* Docket Nos. 3-4.

## I. STANDARDS

### A. Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). The claimant must also meet insurance requirements. 20 C.F.R. § 404.130. The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §

404.1520(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. § 404.1520(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. § 404.1520(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g).

<u>B.</u> <u>Judicial Review</u>

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

<u>A.</u> <u>Procedural History</u>

On March 31, 2023, Plaintiff filed an application for disability benefits with an alleged onset date of March 5, 2023. *See, e.g.*, Administrative Record ("A.R.") 269-70. On September 12, 2023, Plaintiff's application was denied initially. A.R. 134-42. On February 13, 2024, Plaintiff's claim was denied on reconsideration. A.R. 143-52. On March 12, 2024, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 168-69. On April 10, 2025, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Kevin Gill. *See* A.R. 112-33. On April 29, 2025, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 61-72. On February 17, 2026, the ALJ's decision became the final decision of the Commissioner when the

Appeals Council denied Plaintiff's request for review. A.R. 8-14. On March 25, 2026, Plaintiff commenced this suit for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process. A.R. 63-71. At step one, the ALJ found that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date. A.R. 63. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity; hearing loss in the right ear; osteoarthritis of the sacroiliac joint; and a spine disorder. A.R. 63-64. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 64-65. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant can lift 20 pounds occasionally and 10 pounds frequently and can push and pull as much as she can lift and carry. She can sit, stand, and walk each for 6 hours during an 8-hour workday. The claimant can operate foot controls occasionally with both the right and left foot. She can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights, can occasionally work around industrial vibration, and be exposed to moderate levels of noise.

A.R. 65-71. At step four, the ALJ found Plaintiff was capable of performing past relevant work as an order clerk. A.R. 71. Based on these findings, the ALJ found Plaintiff not disabled since the alleged onset date. A.R. 71.

**III. ANALYSIS**

Plaintiff raises a single argument on appeal that the ALJ erred in finding unpersuasive the opinion of Dr. Rick Mai, an internal medicine consultative examiner. Plaintiff argues that the reasons the ALJ advanced for discounting this opinion were legally insufficient. Docket No. 11 at 4-11. The Commissioner counters that the ALJ properly evaluated the medical opinions of record and properly found the opinions of Dr. Jon Arnow and Dr. Kerry Novak to be partially persuasive, while advancing sufficient reasoning for finding the opinion of Dr. Mai to be unpersuasive. Docket No. 13 at 4-11. The Commissioner has the better argument.

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). The ALJ must "articulate how [the ALJ] considered the medical opinions and prior administrative medical findings" based on certain specified factors. *Id.* The most important factors are supportability and consistency, which the ALJ must address. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.' Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)). "[T]he decision to discredit any medical opinion must simply be supported by substantial evidence." *Id.* at 787 (cleaned up).

After a detailed discussion of Plaintiff's own statements, the medical record, and the opinions of Dr. Arnow and Dr. Novak, the ALJ identified numerous reasons to discount the opinion of Dr. Mai:

> [T]he undersigned finds the opinion of the internal medicine consultative examiner, Dr. Mai, unpersuasive. Dr. Mai was unable to review any of the claimant's medical records. As summarized previously, on physical examination, Dr. Mai observed reduced strength in the right lower extremity and positive straight leg raising (SLR) on the right. Dr. Mai noted that he was unable to perform an examination of the right knee because the "claimant report[ed] tenderness with the lightest touch and pain with the slightest movement." Dr. Mai limited the claimant to a reduced range of light, or possibly even sedentary, work with lifting and/or carrying no more than 10 pounds occasionally and frequently; sitting, standing, or walking each for no more than 4 hours during an 8-hour workday; and occasional posturals. However, the undersigned finds Dr. Mai's opinion to be not entirely well supported by, or consistent with, the totality of the longitudinal medical evidence. Specifically, Dr. Mai's examination findings, particularly motor strength in the right leg, are inconsistent with the treatment record overall, which does not consistently show right lower extremity strength deficits. Moreover, Dr. Mai's statement that he was unable to perform an examination of the claimant's right knee due a report of "tenderness with the lightest touch and pain with the slightest movement," is inconsistent with his initial observation at the start of the examination that the claimant did not appear to be in acute distress, was able to sit down and rise from the chair with no fidgeting or signs of discomfort, and was able to walk into the exam room and to the exam table without any assistive device. All the movements described by Dr. Mai involved the use of the claimant's right knee,

> but did not seem to result in functional deficits or elicit a pain response when the claimant was not being directly examined. In short, Dr. Mai's opinion seems to rely heavily reliant on the claimant's subjective symptoms and is inconsistent with the opinions of Dr. Arnow and Dr. Novak who were able to review the claimant's entire medical file. Lastly, Dr. Mai's opinion is also inconsistent with the generally mild findings on imaging contained in the record which, again, he was unable to review. Thus, the undersigned finds this opinion unpersuasive.

A.R. 70 (internal citations omitted).

The ALJ did not err by discounting Dr. Mai's opinion. As to supportability, substantial evidence supports the ALJ's finding that Dr. Mai did not review the medical record, *see* A.R. 440,[1] and that his opinion was predicated largely on Plaintiff's subjective complaints, *see, e.g.*, A.R. 443 ("unable to perform assisted/passive ROM due to claimant reporting tenderness with the lightest touch and pain with the slightest movement"). These are proper bases on which to find an opinion insufficiently supported. *See, e.g.*, *Coleman v. Saul*, 979 F.3d 751, 757 (9th Cir. 2020). As to consistency, substantial evidence supports the ALJ's findings that Dr. Mai's opinions conflict with the medical record, *see, e.g.*, A.R. 437 (MRI report of normal or mild findings); A.R. 439 (same for pelvis imaging), as well as with the opinions of Dr. Arnow and Dr. Novak, *see, e.g.*, A.R. 138-41, 145-52. Substantial evidence also supports the ALJ's finding of inconsistencies within Dr. Mai's own report. *See* A.R. 440-42 ("Claimant does not use any assistive devices," "Claimant . . . appears to be in no acute distress. Able to sit down and rise from chair," "No fidgeting or sign of discomfort while sitting during visit," "Claimant walked into exam room and to exam table without any assistive device. Normal gait with weight bearing on L"). These are proper bases on which to find an opinion lacking in consistency. *See, e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023).

---

[1] The ALJ discounted Plaintiff's statements as to disabling limitations both as internally inconsistent and as inconsistent with the record. *See, e.g.*, A.R. 66. Plaintiff does not challenge that conclusion on appeal. Moreover, Plaintiff strains credulity in arguing that Dr. Mai did in fact review the medical record because he noted Plaintiff's function report. *See* Docket No. 11 at 7 (referencing A.R. 440). Of course, that function report consists of Plaintiff's subjective complaints, not medical records. *See* A.R. 332-40. Plaintiff is also not persuasive in arguing that the Commissioner failed to provide medical records to Dr. Mai for review, *see* Docket No. 11 at 7, when Plaintiff did not submit the medical records until after the consultative examination that took place on August 19, 2023, *see, e.g.*, A.R. 403 (medical record date stamped August 23, 2023), A.R. 414 (medical record date stamped September 21, 2023).

Hence, the ALJ's decision to discount the opinion of Dr. Mai is supported by substantial evidence and the reasons advanced are legally permissible.

**IV. CONCLUSION**

The decision below is A**FFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** in the Commissioner's favor, and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: August 17, 2026

Nancy J. Koppe
United States Magistrate Judge